Pro Se 1 Complaint for a Civil Case

```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
                     COUNSEL/PARTIES OF RECORD
```

# UNITED STATES DISTRICT COURT

SEP 16 2022

for the

District of Nevada

Eighth Judicial District

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

| | |
|---|---|
| **TRONDERRICA JAMES** <br><br> _____ <br> *Plaintiff (s)* <br><br><br> -V- <br><br><br><br> **LEMONADE INSURANCE AGENCY, LLC** <br> and <br> **FRSTEAM, LLC** <br><br> _____ <br> *Defendant (s)* | ) Case No. _ 2:22-cv-01558-RFB-VCF <br> ) <br> ) **COMPLAINT AND DEMAND FOR A JURY TRIAL** <br> ) <br> ) 1. Breach of Implied Covenant of Good Faith and <br> )    Fair Dealing Tort <br> ) <br> ) 2. Unfair Claims Handling Practices <br> ) <br> ) 3. Fraud & Misrepresentation <br> ) <br> ) 4. Invasion of Privacy Tort <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR A CIVIL CASE

I.  **The Parties to This Complaint**
   A. **The Plaintiff(s)**
      Tronderrica James
      304 E Silverado Ranch Blvd Unit 1261
      Las Vegas/Clark County
      Nevada/89183
      (318) 759-9557
      mrstronjames@gmail.com

   B. **The Defendant(s)**
      <u>Defendant No 1</u>
      Lemonade Insurance Agency, LLC
      5 Crosby St 3rd Floor
      New York/Manhattan County
      New York 10013
      (844) 733-8666
      shai@lemonade.com

      <u>Defendant No 2</u>
      FRSTeam, LLC
      2520 Northwinds Parkway Suite 375
      Alpharetta/Fulton County
      Georgia 30009
      (510) 723-1000
      info@frsteam.com

## II. Basis for Jurisdiction
### A. Diversity of Citizenship

1. **Plaintiff** Tronderrica James is a citizen of the State of Nevada

2. **Defendant 1** Lemonade Insurance Agency, LLC is incorporated under the laws of the State of New York and has its principal place of business in the State of New York

   **Defendant 2** FRSTeam, LLC is incorporated under the laws of California and has its principal place of business in the State of California

3. **The Amount in Controversy** Defendants owe benefits to Plaintiff up to the full policy value of $80,000 as well as compensatory, emotional, and punitive damages to be determined by a trial jury

## III. Statement of Claim

### A. Breach of Implied Covenant of Good Faith and Fair Dealing Tort

1. At the time of Plaintiff loss on July 3, 2022, Plaintiff was insured with Lemonade Insurance Agency, LLC under Policy LP22C60A306.
2. Defendant Lemonade Insurance Agency, LLC had a special relationship with Plaintiff which established Defendant 1 Lemonade Insurance Agency, LLC fiduciary responsibility to cover plaintiffs' loss.
3. Defendant 1 Lemonade Insurance Agency, LLC practiced and/or participated in various unfair and illegal claims handling practices, which includes but is not limited to: fraud, forgery, misrepresentation, identity theft, privacy invasion, oppression, and malice.
4. As Plaintiff insurance company, Defendant 1 Lemonade Insurance Agency, LLC was in a superior and trusted position.
5. Defendant Lemonade Insurance Agency, LLC has engaged in grievous deceitful and unworthy misconduct.
6. Defendant 1 Lemonade Insurance Agency, LLC failed to deal fairly and in good faith with Plaintiff by actions including but not limited to: refusing to offer timely coverage for full claim settlement, misrepresenting material facts, violating Plaintiff privacy rights, making malicious statements, etc.
7. Defendant 1 Lemonade Insurance Agency, LLC actions has caused unnecessary, oppressive, and cruel suffering to Plaintiff.
8. Defendant 1 Lemonade Insurance Agency, LLC is directly liable for all damages to Plaintiff resulting from its misconduct.

*Reference Washoe County, 105 Nevada 913, 915, 784, P. 2d 9, 10 (1989)*

### B. Unfair Claims Handling Practices

6. Defendant 1 Lemonade Insurance Agency, LLC has delayed, denied, avoided, and attempted to reduce the size of claim to be paid to Plaintiff.
7. Defendant 1 Lemonade Insurance Agency, LLC has misrepresented pertinent facts of the claim.
8. Defendant 1 Lemonade Insurance Agency, LLC has ignored communications with Plaintiff.
9. Defendant 1 Lemonade Insurance Agency, LLC failed to fairly investigate claim and settle Plaintiff claim in good faith, looking only for reasons not to validate/pay the claim.
10. Defendant 1 Lemonade Insurance Agency, LLC accepted liability then failed to properly settle claim within 60 days.
11. After 60 days without claim resolution, Plaintiff rightfully filed a complaint with the Nevada Insurance Commission against Defendant 1 Lemonade Insurance Agency, LLC. 2 days later Defendant 1 Lemonade Insurance Agency, LLC retaliated against Plaintiff by unnecessarily requesting an exam

under oath and a background check, after liability was reasonably clear and claim was moving forward.
12. Defendant 1 Lemonade Insurance Agency, LLC has compelled Plaintiff to institute litigation to recover amounts due under policy.
13. Defendant 1 Lemonade has denied Plaintiff settlement amount request while attempting to settle claim for far less than the claims true value.
14. Defendant 1 Lemonade Insurance Agency, LLC has purposely delayed their investigation and payments immediately due to Plaintiff. Defendant 1 Lemonade Insurance Agency, LLC had irrefutable video proof of total loss items declared by their vendor FRSTeam, yet purposely issued a small payment that did not cover electronics and other expensive items, in a plot to rob the claim of majority of its remaining benefits with an eventual claim denial.
15. Plaintiff has endured a severe financial burden as a direct result of Defendant 1 Lemonade Insurance Agency, LLC.

**Defendant 1 Lemonade Insurance Agency, LLC is directly liable for any and all rights and remedies due to Plaintiff for any damages sustained as a result of the commission of any act set forth in *NRS 686.A Unfair Practices in Settling Claims* Also Reference § 31–2231.17. Unfair claim settlement practices**

16.

### C. Fraud & Misrepresentation

17. On July 19, 2022, Defendant 1 Lemonade Insurance Agency, LLC contracted Defendant 2 FRSTeam, LLC to Plaintiff home to inventory all cleanable items vs total loss items.
18. Defendant 2 FRSTeam LLC took hundreds of photos, but purposely did not photograph any damaged couture items.
Defendant 2 FRSTeam, LLC listed several damaged couture items on their cleaning report as "tote bags" which caused Plaintiffs couture items to be quoted at a lesser value. FRSTeam, LLC purposely misrepresented the facts of the claim and caused Plaintiff settlement to be significantly less than its true value.
19. Plaintiff was presented with a general release statement by Defendant 2 FRSTeam, LLC that asks, "High End/Couture Yes or No" Plaintiff only checked Yes when signing. The next day FRSTeam sent Plaintiff a signed copy of the release statement. The release statement then had Yes AND No checked next to the couture question, along with FRSTeam, LLC Ania Martinez signature. This is forgery. FRSTeam, LLC Ania Martinez would later acknowledge the wrongdoing via email, stating that there was a "mishap" with the electronic document. FRSTeam, LLC made no attempts to correct this "mishap", neither did they photograph any couture items because it was deliberate forgery to devalue the claim.
20. Plaintiff reached out to Defendant 1 Lemonade Insurance Agency, LLC adjuster Alex Roberts via email to advise her that Defendant 2 FRSTeam, LLC forged statement and did not photograph either couture bags or the "tote bags" to support their findings that they listed on their cleaning report. Adjuster Alex Roberts responded via recorded line that Defendant 2 FRSTeam, LLC did photograph the couture items and said she had the photos. Adjuster Alex Roberts told a blatant lie to cover up FRSTeam wrongdoing after having knowledge of the falsehood via email.
21. Plaintiff reached out to Defendant 1 Lemonade Insurance Agency LLC supervisor Cam Shearon to advise him that Defendant 2 FRSTeam LLC misrepresented facts by listing couture items as "tote bags" on their cleaning report, causing the cleaning settlement to be significantly less than what was reasonably due. After having knowledge of the misrepresentation, Cam states via recorded line "It does not matter if the bag is Prada or from Target, it would be subject to the same cleaning fees". This would also turn out to be a blatant lie which further expresses both Defendant 1 Lemonade Insurance Agency, LLC and Defendant 2 FRSTeam, LLC malicious intentions to deceive the Plaintiff.
22. Plaintiff reached out to FRSTeam, LLC Corporate office to discuss the behavior of their employees on August 5, 2022. The same day FRSTeam, LLC Veronica called Plaintiff to admit that Plaintiff couture items listed as "tote bags" on FRSTeam, LLC cleaning report were actually couture items and were a total loss, despite FRSTeam, LLC previously listing these couture items as cleanable "tote bags" on their cleaning report.

23. FRSTeam Ania Martinez would also later confirm via email that they did list the items as "tote bags" on their cleaning estimate but said that if Plaintiff would have used their cleaning services, they would have correctly classified those items at a later time. Plaintiff did not use their cleaning service, subjecting plaintiff to an unfair and cruel settlement.
24. FRSTeam, LLC Veronica instructed Plaintiff to take pictures of the damaged couture items and submit to Defendant 1 Lemonade Insurance Agency, LLC for payment as total loss.
25. Defendant 1 Lemonade Insurance Agency, LLC supervisor Cam Shearon would subsequently call Plaintiff via recorded line to agree that he spoke with Defendant 2 FRSTeam, LLC Veronica and told Plaintiff that couture items were indeed a total loss.
26. Defendant 1 Lemonade Insurance Agency, LLC failed to issue payment on any high-end couture items before denying claim.
27. Plaintiff relied on an accurate cleaning report and trusted FRSTeam, LLC to substantiate a fair settlement. FRSTeam, LLC knowingly committed forgery, misrepresentation and omitted pertinent facts of the claim.
28. Plaintiff relied on Defendant 1 Lemonade Insurance Agency, LLC to fairly adjust losses to settle claim quickly. Defendant 1 Lemonade Insurance Agency, LLC continued to delay coverage and knowingly misrepresented the facts of the claim, in an attempt to offer Plaintiff less than Plaintiff was reasonably entitled to receive.
29. As a direct result of the misconduct on behalf of Defendant 1 Lemonade Insurance Agency, LLC and Defendant 2 FRSTeam, LLC, plaintiff suffered a great loss of personal property with no substantial means to be made whole.

> *Reference NRS 686A.310 Unfair practices in settling claims (a) Misrepresenting to insureds or claimants' pertinent facts or insurance policy provisions relating to any coverage at issue*
>
> *Reference NRS 205.377 Multiple transactions involving fraud or deceit in course of enterprise or occupation: A person shall not, in the course of an enterprise or occupation, knowingly and with the intent to defraud, engage in an act, practice or course of business or employ a device, scheme or artifice which operates or would operate as a fraud or deceit upon a person by means of a false representation or omission of a material fact that (a) The person knows to be false or omitted (b) The person intends another to rely on (c) results in a loss to any person who relied on the false representation or omission in at least 2 transactions that have the same or similar patterns, intents, results, accomplices, victims or methods of commission*

### D.    Invasion of Privacy Tort

30. On August 29, 2022, Defendant 1 Lemonade Insurance Agency, LLC offered a 3rd and final payment in the amount of $4,000.62 towards Plaintiff settlement for some of the total loss property. Defendant 1 Lemonade Insurance Agency, LLC stated via email that the payment should clear within 1-3 days.
31. On September 2, 2022, Plaintiff payment still did not clear. Plaintiff emailed Defendant 1 Lemonade Insurance Agency, LLC to inquire about the missing payment, but was ignored.
32. 8 days after the payment was supposedly sent, on September 6, 2022, Plaintiff was able to reach Defendant 1 Lemonade Insurance Agency, LLC to inquire about missing payment. Defendant 1 Lemonade Insurance Agency, LLC immediately requested Plaintiff photo id, stating that Stripe was requesting this private information to release payment.
33. Plaintiff contacted Stripe via email to inquire about how Defendant 1 Lemonade Insurance Agency, LLC used Plaintiff identity documents. Stripe responded via email that Defendant 1 Lemonade Insurance Agency, LLC used Plaintiff identity documents to create a 3rd party "Stripe Connect" account, which enables small business owners to "Know Your Customer".
34. Stripe also advised Plaintiff via email that identity documents were not required to release payment from Defendant 1 Lemonade Insurance Agency, LLC.
35. Stripe also confirmed in their Privacy Policy that this 3rd party "Stripe Connect" account does give Defendant 1 Lemonade Insurance Agency, LLC access to background checks and other personal information about Plaintiff.

36. Stripe Privacy Policy also states that businesses must obtain the necessary rights and proper consent from their customers when creating 3rd party accounts, Defendant 1 Lemonade Insurance Agency, LLC did not obtain the proper consent from Plaintiff, invading Plaintiff rights to privacy.
37. Plaintiff requested via email a copy of the consent form used by Lemonade Insurance Agency, LLC to unlawfully obtain Plaintiffs data from Stripe. Lemonade refused to provide this consent form.
38. Lemonade Insurance Agency, LLC states in their own Privacy Pledge that they rarely require photo id or passports for the processing of claims.
39. Lemonade Insurance Agency, LLC used Plaintiff identity documents for their own immediate and direct benefit, in their malicious attempts to justify a claim denial.
40. 1 day after Defendant 1 Lemonade Insurance Agency, LLC illegally acquired Plaintiff identity documents, they mentioned running a background check and their "right" to obtain additional information in their official denial letter on September 7, 2022, although they were using illegal means to do so.
41. Stripe advised Plaintiff via email that they take ID theft seriously and to file a report with the FTC if Plaintiff did not grant consent to Defendant 1 Lemonade Insurance Agency, LLC to open a 3rd party Stripe account on behalf of Plaintiff.
42. Upon completion of Stripe's investigation into the unauthorized 3rd party account created by Defendant 1 Lemonade Insurance Agency, LLC, on September 14, 2022, Stripe advised Plaintiff via email that they have updated their records to document the fraudulent activity by Defendant 1 Lemonade Insurance Agency, LLC and have immediately deleted the 3rd party account that was illegally created by Lemonade Insurance Agency, LLC.
43. Lemonade Insurance Agency, LLC knowingly illegally obtained and misused Plaintiff identifying documents, causing emotional distress and irreparable damage to Plaintiffs rights to privacy.

*Reference 603A.340 Notice regarding covered information collected by operator: Operator required to make available to consumers*
*Reference NRS 205.463: Obtaining and using personal information identifying information of another person to harm or impersonate person, to obtain certain nonpublic records or for other unlawful purpose; penalties; rebuttable inference that possessor of personal identifying information intended to unlawfully use such information.*

IV. **Prayer for Relief**

The Plaintiff prays for

1) The full value of $80,000 for Policy LP22C60A306
2) Special, compensatory, and emotional damages to be determined by a jury
3) Legal fees
4) Uncapped Punitive damages to be determined by a jury
5) Any other relief as the court shall deem proper

Tronderrico James
304 E. Silverado Ranch Blvd #1261
Las Vegas, NV 89183
318-759-9557

**Reference NRS 42.005**

**Except as otherwise provided in NRS 42.007, in an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied, the plaintiff, in addition to the compensatory damages, may recover damages for the sake of example and by way of punishing the defendant.**

**The limitations on the amount of an award of exemplary or punitive damages prescribed in subsection 1 do not apply to an action brought against:**
**B) An insurer who acts in bad faith regarding its obligations to provide insurance coverage**

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/16/22

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Trondetrica James

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____