**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| TRONDERRICA JAMES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LEMONADE INSURANCE AGENCY, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-01558-RFB-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1) |

　　　　Pro se plaintiff Tronderrica James filed an application to proceed in forma pauperis (IFP) and a proposed complaint ECF Nos. 1 and 1-1.  I grant James's IFP application. ECF No. 1. I dismiss plaintiff's complaint without prejudice. ECF No. 1-1.

**DISCUSSION**

　　　　Plaintiff's filings present two questions: (1) whether James may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether James's complaint states a plausible claim for relief.

**I.　　Whether James May Proceed In Forma Pauperis**

　　　　Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."  Plaintiff states that she makes $500 a week as a rideshare

driver. ECF No. 1. She states that she has $90 in her bank account, and she has a little over $2,000 in expenses. *Id.* I grant plaintiff's IFP application.

## II.     Whether James's Complaint States a Plausible Claim

### a.     Legal Standard

Because I grant James's application to proceed in forma pauperis, I must review James's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If I dismiss a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed.

2d 391 (1994). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.S. § 1331. To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). *Habacon v. Emerald Grande*, LLC, No. 2:19-cv-00165-MMD-PAL, 2019 U.S. Dist. LEXIS 63163, at 3-4 (D. Nev. Apr. 12, 2019).

### b. Complaint

Plaintiff brings claims against the defendants for (1) breach of implied covenant of good faith and fair dealing; (2) unfair claims handling practices; (3) fraud and misrepresentation; and (4) invasion of privacy. ECF No. 1-1. Plaintiff alleges that this Court has diversity jurisdiction over her case. *Id.* She alleges she is a citizen of the State of Nevada and defendants Lemonade Insurance Agency and FIRSTeam has its principal place of business and are incorporated under the laws of the States of New York and California respectively. *Id.* She seeks $80,000 in damages. *Id.* Plaintiff has plausibly alleged that this Court has jurisdiction over her case.

### a. Breach of the Implied Covenant of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe Cty.*, 105 Nev. 913, 784 P.2d 9, 9 (1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must prove: (1) the existence of a contract between the parties; (2) that the defendant breached its duty of good faith and fair dealing by acting in a manner unfaithful to the purpose of the contract; and (3) the plaintiff's justified expectations under the contract were denied. See *Perry v. Jordan*, 111 Nev. 943, 900 P.2d 335, 338 (Nev. 1995) (citing *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 808 P.2d 919, 922-23 (1991)).

3

Plaintiff has not stated a plausible claim that the defendants breached the implied covenant of good faith and fair dealing. ECF No. 1-1 at 2. Plaintiff alleges that she had a contract with Lemonade, but she does not allege that she had a contract with the other defendant. Plaintiff alleges that Lemonade "participated in various unfair and illegal claims handling practices, which includes but is not limited to: fraud, forgery, misrepresentation, identity theft, privacy invasion, oppression, and malice." *Id.* Plaintiff does not allege any factual information regarding how either of the defendants breached the covenant, so does not comply with Rule 8. Plaintiff does not tie any specific facts to the law. Plaintiff merely recites legal words to support her claim. Plaintiff must allege facts that would reasonably allow each defendant to understand the link between their alleged conduct and the alleged violations of the law. Plaintiff's amended complaint must be complete in itself, without reference to the previous complaint.

### c.     Unfair Claims Handling Practices

Under Nevada Revised Statutes § 686A.310, an insurer is liable for damages if it engages in any of the various enumerated acts. Plaintiff alleges that Lemonade "delayed, denied, avoided, and attempted to reduce the size [sic] of claim to be paid to Plaintiff." ECF No. 1-1 at 2. Plaintiff's allegations against Lemonade here again do not allege any factual information regarding how either of the defendants violated the law, so does not comply with Rule 8. Plaintiff's allegations are so vague that it is not clear which subsections of the law plaintiff believes the defendants violated. Plaintiff does not tie any specific facts to the law. Plaintiff merely recites legal words to support her claim. Plaintiff must allege facts that would reasonably allow each defendant to understand the link between their alleged conduct and the alleged violations of the law. Plaintiff's amended complaint must be complete in itself, without reference to the previous complaint.

### d.     Fraud and Misrepresentation

The elements of intentional misrepresentation or common law fraud in Nevada are: (1) A false

4

representation made by the defendant; (2) defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105, 825 P.2d 588, 592 (Nev. 1992).

Under Rule 9(b), circumstances constituting fraud or mistake must be stated with particularity. Fed. R. Civ. P. 9(b). A plaintiff must plead facts such as "he bought a house from defendant, that the defendant assured him that it was in perfect shape, and that in fact the house turned out to be built on a landfill . . . " *Warshaw v. Xoma Corp*., 74 F.3d 955, 960 (9th Cir 1996) (quoting *In re GlenFed, Inc. Sec. Litig*., 42 F.3d 1541, 1548 (9th Cir. 1995) (en banc)). Under Rule 9(b), a plaintiff must "state with particularity the circumstances constituting the fraud." Fed. R. Civ. Pro. 9(b). This has been construed to require a plaintiff to "state precisely the time, place and nature of the misleading statements, misrepresentations and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994), cert. denied, 516 U.S. 810, 116 S. Ct. 58, 133 L. Ed. 2d 21 (1995). The plaintiff must also "set forth an explanation as to why the statement or omission complained of was false and misleading." *In re GlenFed Sec. Litig*., 42 F.3d 1541, 1548 (9th Cir. 1994).

Plaintiff's allegations are generalized claims of fraud, rather than allegations of specific fraudulent representations. Plaintiff alleges that defendant FRSTeam forged a check box on a contract she signed. It is unclear what the dispute is actually about in this case. Plaintiff alleges something about a cleaning fee and tote bags. Plaintiff's allegations are vague and difficult to follow. Plaintiff's allegations do not meet the requirements of Rule 8. Plaintiff's allegations of fraud also do not meet the specificity requirements of Rule 9. These allegations are generalized accusations rather than plausible claims of fraud in this specific case. Plaintiff has failed to state a legally cognizable claim for fraud

under Rule 9, dismissal without prejudice is appropriate.

### e. Invasion of Privacy

"A cause of action for invasion of privacy requires: (1) an intentional intrusion by defendant; (2) on the solitude or seclusion of the plaintiff; (3) that would be highly offensive to a reasonable person." *Downs v. River City Grp., LLC*, No. 3:11-CV-0885-LRH-WGC, 2012 U.S. Dist. LEXIS 66860, 2012 WL 1684598, at 4 (D. Nev. May 11, 2012). The tort has a public disclosure requirement, which contemplates disclosure to more than individuals or small groups. *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1448 (D. Nev. 1994).

Plaintiff's invasion of privacy claim fails for multiple reasons. Plaintiff's claims are difficult to follow, but it appears that she claims that defendant Lemonade exposed her personal information, such as her ID, to third party company Stripe. Plaintiff has not alleged any facts which suggest an intrusion occurred that is "highly offensive to a reasonable person," or facts that suggest an "intentional intrusion" occurred. There are no facts to suggest a plausible claim for relief pursuant to Rule 8. I dismiss this claim without prejudice. Plaintiff must allege facts that would reasonably allow each defendant to understand the link between their alleged conduct and the alleged violations of the law. Plaintiff's amended complaint must be complete in itself, without reference to the previous complaint.

ACCORDINGLY,

I ORDER that James's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

I FURTHER ORDER that James's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDERED that James has until Friday, January 6, 2023, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 5th day of December 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE